IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW NIXON and PETER FLEMING, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> POND5, INC., <br><br> Defendant | No. 24-cv-05823 (JLR) |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Pond5, Inc. hereby submits this Notice of Supplemental Authority issued by the United States Court of Appeals for the Second Circuit on May 1, 2025, *Solomon v. Flipps Media, Inc.*, No. 23-7597 (2d Cir. 2025). A true and correct copy of the Second Circuit's opinion is attached as Exhibit 1.

The Second Circuit's opinion provides binding authority in support of Defendant's pending Motion to Dismiss based on Plaintiffs' failure to allege the disclosure of personally identifiable information. In *Solomon*, the Second Circuit adopts the "ordinary person" standard used in the Third and Ninth Circuits to determine whether a complaint plausibly alleges that the disclosure of a Facebook ID "would, with little or no extra effort, permit an ordinary recipient to identify [a user's] video-watching habits." (Op. 24, 31 (citation omitted).) Applying that standard, the Second Circuit concluded that an ordinary person could not identify plaintiff through her Facebook ID, which was "a phrase such as 'c_user=123456,'" similar to a serial number, and affirmed the District Court's dismissal of her complaint. (*Id.* 32-34.)

The same result is required here. Plaintiffs fail to state a violation of the VPPA (their only claim for relief), "because they do not allege the transmission of anything other than an

encrypted Facebook ID to Meta," which is nothing more than a "random string of characters." (ECF No. 17 at 19.) "Nor do Plaintiffs allege how 'an ordinary person' could identify their video viewing behavior based on information transmitted to Facebook." (*Id.* 20.)

          Respectfully submitted,

Dated: May 5, 2025
New York, New York

**GOODWIN PROCTER LLP**

By: /s/ *Mark David McPherson*
    Mark David McPherson
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018
    Tel. (212) 813-8800
    Fax (212) 355-3333
    mmcpherson@goodwinlaw.com

    W. Kyle Tayman (admitted *pro hac vice*)
    901 New York Avenue NW
    Washington, DC 20001
    Tel. (202) 346-4000
    Fax (202) 346-4444

*Attorneys for Defendant Pond5, Inc.*